UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60627-BLOOM

P-C-L-A,

    Petitioner,

v.

JUAN AGUDELO, *et al.*,

    Respondents.
_____/

## ORDER DISMISSING PETITION AS MOOT

**THIS CAUSE** is before the Court upon Petitioner's Verified Petition for Habeas Corpus, ECF No. [1] ("Petition"), pursuant to 28 U.S.C. § 2241 and the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq*. ("APA"). On March 11, 2019, the Court entered an Order to Show Cause, ECF No. [7], requiring Respondents to respond the Petition on or before March 18, 2019. Respondents timely filed their Return and Memorandum of Law to Dismiss Petition as Moot, ECF No. [18] ("Response"). The Court has carefully considered the Petition, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed as moot.

    Petitioner is an eighteen year-old citizen of Honduras who, at the time of filing the Petition, was detained at Broward Transitional Center. She had just turned eighteen during her detention, and she was detained for nearly five months without an opportunity to challenge her detention. Accordingly, Petitioner commenced this case, alleging violations by Respondents of the APA by failing to comply with 8 U.S.C. § 1232(c)(2)(B) in that Respondents failed to consider the least restrictive setting and to make alternatives to detention available, and Petitioner's Fifth

1

Amendment rights. Petitioner seeks release and for the Court to order that Immigration and Customs Enforcement ("ICE") comply with 8 U.S.C. § 1232(c)(2)(B) and declare that ICE's failure to place Petitioner in the least restrictive setting available, make available alternatives to detention programs, and requirement that Petitioner's proposed United States citizen sponsor obtain a passport violate 8 U.S.C. § 1232(c)(2)(B) and due process. In their Response, Respondents inform the Court that Petitioner was released from ICE custody on March 13, 2019, and argue that the Court should dismiss the Petition as moot. Upon review, the Court agrees.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Attorney Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). "Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful

relief, then the case is moot and must be dismissed." *Soliman v. United States of Am.*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Al Najjar*, 273 F.3d at 1336) (internal quotations omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217.

In the instant case, Petitioner challenged her continued detention, and sought declarations with respect to ICE's failure to comply with 8 U.S.C § 1232(c)(2)(B) in her case and conditioning her release upon the requirement that her U.S. citizen sponsor obtain a passport. Because Petitioner has been released from ICE custody, no order from this Court could have any effect. It bears noting that while voluntary cessation of allegedly illegal conduct generally does not render a case moot, Petitioner's claims here relate only to her individual case, and thus there exists no further case or controversy since Respondents' allegedly illegal conduct toward her has ceased.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition, **ECF No. [1]**, is **DISMISSED AS MOOT**.
2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 19, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] In addition, the Court acknowledges the existence of a class action case currently pending in the District Court for the District of Columbia in which the plaintiffs challenge the practices Petitioner contends were violative in her case. *See Garcia Ramirez v. U.S. Immigration & Customs Enforcement*, Case No. 1:18-cv-00508-RC.